

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

**ENTERED**
**04/19/2010**

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| 2000 ST. JAMES PLACE, L.P., | ) | CASE NO. 10-30993-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Application for Order Authorizing the Employment of Cordray Wagner Schneller as Debtor's Bankruptcy Counsel Pursuant to Sections 327(a), 328(a) and 504 of the Bankruptcy Code" (Docket No. 6). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

On February 2, 2010, 2000 St. James Place, L.P. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

According to a list of equity security holders filed by Debtor, the general partner of Debtor is 2000 St. James Place GP, L.L.C. The limited partners include a 25.75% interest of Cameron

Interests Limited Partnership ("CILP").  (Docket No. 5).

Debtor's petition indicates that it is a single asset real estate debtor, as defined in 11 U.S.C. § 101(51B).  (Docket No. 1).

Debtor's schedules value its single asset real estate at $10.4 million.  Debtor's schedules include a claim of approximately $26.3 million for Redus TX Properties, LLC ("Redus"), secured by Debtor's single asset real estate. Debtor's schedules indicate that Dougal A. Cameron, IV ("Cameron") is owed a contingent unsecured claim in the amount of $14 million.  Debtor's schedules also reflect that CILP is owed unsecured claims of $254,870.31 for prepetition management services, and $699,765.26 for a loan to Debtor.  (Docket No. 15). Cameron is listed as a codebtor as to Debtor's debt to Redus. Debtor's general partner is listed as a codebtor as to all creditors of Debtor.  (Docket No. 7).

On March 2, 2010, Wells Fargo Bank, N.A., which has asserted that it is the successor to Wachovia Bank, N.A., and that Redus is its special purpose entity and assignee, filed a motion for relief from stay with respect to the Debtor's single asset real estate.  (Docket No. 10).  On April 6, 2010, the court entered an agreed order granting the motion.  (Docket No. 21).

In the instant application, Debtor seeks to employ Cordray Wagner Schneller ("CWS") as its attorney, with Adrian

Baer as attorney in charge.

In Baer's affidavit with respect to the instant application, he states that, in addition to Debtor, CWS has represented Debtor's general partner, and continues to perform services for the general partner unrelated to the instant Chapter 11 case.  He states that CWS has previously represented CILP with respect to a wide variety of real estate and corporate matters that are unrelated to Debtor and its general partner.  He states that CILP is the sole owner of the equity of Debtor's general partner.  He states that CWS has previously represented Cameron, in connection with the restructuring of the debts of the Debtor, CILP, and other affiliates.  He states that CWS currently represents CILP and Cameron, among others, in a suit filed by Wachovia Bank to recover a debt.

At the hearing on the instant application, Baer testified that CWS received a payment of $43,000 related to services provided prepetition in the instant case from CILP.  He testified that CILP made the payment because Debtor has had no revenue since its sole tenant moved out in February, 2009.  He testified that Cameron has separate counsel in negotiations with Wells Fargo.

Conclusions of Law

A Chapter 11 debtor in possession, with the court's approval, may employ one or more attorneys, accountants,

appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 327(a), 1107.

>Section 101(14) provides in pertinent part:

>"disinterested person" means person that--

>(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14)(C).

The representation of entities with potentially conflicting interests does not violate Section 327.  Whether an actual disqualifying conflict exists must be considered in light of the particular facts of each case.  See In re Consolidated BancShares, Inc., 785 F.2d 1249 (5th Cir. 1986); In re Global Marine, Inc., 108 B.R. 998 (Bankr. S.D. Tex. 1987).

Courts have disqualified counsel and disallowed compensation where there was an actual conflict of interest.  In In re Humble Place Joint Venture, 936 F.2d 814 (5th Cir. 1991), the Fifth Circuit affirmed the bankruptcy court's order disqualifying counsel and requiring that fees received be disgorged, where the bankruptcy court found an actual conflict between the goals of paying the creditors of the debtor and

obtaining relief for guarantors.  In <u>In re W.F. Dev. Corp.</u>, 905 F.2d 883 (5th Cir. 1990), the Fifth Circuit held that when one attorney represents both limited and general partners in bankruptcy, there will always be a potential for conflict, and disqualification is proper.

In the instant case, although there is a strong potential for conflict, there is no evidence as yet of an actual conflict.  Thus, the court will approve Debtor's employment of CWS.  Counsel should be aware, however, that the firm has a responsibility to disclose if the potential conflict has become an actual conflict.  If the court determines the existence of an actual conflict, the court may disqualify the firm from representation of Debtor, and may require the disgorgement of fees previously allowed.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on April 19, 2010.

*[signature]*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE